<u>SEALED</u>

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2012 APR -3  PM 12: 48
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | CRIMINAL NO. |
| Plaintiff, § | |
| § | **A12CR 130 LY** |
| v. § | <u>I N D I C T M E N T</u> |
| § | |
| HUGO VILLALON(1) § | |
| JAMES MASON BLACKMON(2) § | [Vio:  Ct I: 21 U.S.C. § 846 – Conspiracy; |
| EVAN PAUL KOCICH(3) § | 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) – |
| ARTURO QUIROZ SALINAS(4) § | Possession with Intent to Distribute 1000 |
| GLEN BOHLS(5) § | Kilograms or More of Marijuana and |
| RYAN ELWESS(6) § | Possession with Intent to Distribute 5 |
| RODNEY CHRISTOPHER CORBIN(7) § | kilograms or More of Cocaine; |
| JOSEPH LEE MURILLO(8) § | Ct II: 21 U.S.C. § 1956(h) - Conspiracy to |
| STEVEN GALLIEN(9) § | Launder Monetary Instruments] |
| § | |
| Defendants. | |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
Conspiracy
[21 U.S.C. § 846 {21 U.S.C. §841(a)(1) & 841(b)(1)(A)}]

Beginning on or about 2007 and continuing until on or about the date of this indictment, in the Western District of Texas and elsewhere, the Defendants,

**HUGO VILLALON(1)
JAMES MASON BLACKMON(2)
EVAN PAUL KOCICH(3)
ARTURO QUIROZ SALINAS(4)
GLEN BOHLS(5)
RYAN ELWESS(6)
RODNEY CHRISTOPHER CORBIN(7)
JOSEPH LEE MURILLO(8)
STEVEN GALLIEN(9)**

did unlawfully, knowingly, and willfully combine, conspire, confederate, and agree with one or more persons, known and unknown, to the Grand Jury to possess with intent to distribute One Thousand (1000) kilograms or more of a mixture and substance containing a detectable amount of marijuana and five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, both controlled substances, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

In violation of Title 21, United States Code, Section 846.

## COUNT II
## 18 U.S.C. §1956(h)
### Conspiracy to Launder Monetary Instruments

Beginning in or about 2007, and continuing until on or about the date of this Indictment, in the Western District of Texas and elsewhere, the Defendants,

**HUGO VILLALON(1)**
**JAMES MASON BLACKMON(2)**
**EVAN PAUL KOCICH(3)**
**ARTURO QUIROZ SALINAS(4)**
**GLEN BOHLS(5)**
**RYAN ELWESS(6)**
**RODNEY CHRISTOPHER CORBIN(7)**
**JOSEPH LEE MURILLO(8)**
**STEVEN GALLIEN(9)**

together and with others known and unknown to the Grand Jury, did unlawfully, willfully, and knowingly combine, conspire, confederate and agree among themselves and each other to commit certain offenses against the United States as follows:

(a) knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct such a financial transaction (1) with the intent to promote the carrying on of specified unlawful activity as alleged in Count I,

and (2) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under federal law, in violation of 18 U.S.C. § 1956(a)(1); and,

(b) knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place inside and outside the United States knowing that such transportation was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under federal law, in violation of 18 U.S.C. § 1956(a)(2)(B);

All in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

### I.
### Controlled Substance Forfeiture Statutes and Violations
[21 U.S.C. §§ 841(a)(1) and 846 and subject to forfeiture pursuant to
21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the foregoing criminal violation as set forth in Count One of the Indictment, which is punishable by imprisonment for more than one year, DEFENDANTS HUGO VILLALON, JAMES MASON BLACKMON, EVAN PAUL KOCICH, ARTURO QUIROZ SALINAS, GLEN BOHLS, RYAN ELWESS, RODNEY CHRISTOPHER CORBIN, JOSEPH LEE MURILLO, and STEVEN GALLIEN shall forfeit any and all right, title, and interest in the below-described property

to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), which state the following:

**21 U.S.C. § 853.**
(a) Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—
(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

This Notice of Demand for Forfeiture includes, but is not limited to, the property described below in paragraphs III, IV, and V.

## II.
### Money Laundering Forfeiture Statutes and Violations
### [18 U.S.C. §§ 1956(h) and subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1)]

As a result of the foregoing criminal violation as set forth in Count Two of the Indictment, which is punishable by imprisonment for more than one year, DEFENDANTS HUGO VILLALON, JAMES MASON BLACKMON, EVAN PAUL KOCICH, ARTURO QUIROZ SALINAS, GLEN BOHLS, RYAN ELWESS, RODNEY CHRISTOPHER CORBIN, JOSEPH LEE MURILLO, and STEVEN GALLIEN shall forfeit any and all right, title, and interest in the below-described property to the United States, pursuant to 18 U.S.C. 982(a)(1), which states the following:

**18 U.S.C. § 982.**
(a)(1) The court, in imposing sentence on a person convicted of an offense in violation of section 1956, . . . of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand for Forfeiture includes, but is not limited to the property, described below in paragraphs III, IV, and V.

## III.
## Personal Property

As a result of the foregoing criminal violations as set forth in Counts One and Two of the Indictment, DEFENDANTS HUGO VILLALON and STEVEN GALLIEN shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2) and 18 U.S.C. § 982(a)(1), the following:

a. $50,000.00, more or less, in United States currency, seized on or about March 1, 2012.

## IV.
## Real Property

As a result of the foregoing criminal violations as set forth in Counts One and Two of the Indictment, DEFENDANTS HUGO VILLALON, JAMES MASON BLACKMON, and ARTURO QUIROZ SALINAS shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2) and 18 U.S.C. § 982(a)(1), the following:

**A. All right, title and interest of DEFENDANT HUGO VILLALON in the following real property is subject to forfeiture to the United States of America:**

1. Real property located and situated at **201 N. Cowal Drive, Spicewood, Travis County, Texas,** including any and all buildings, appurtenances and improvements thereon and any and all surface rights, title and interests, if any, and more fully described as: LOT 614 BRIARCLIFF, INC., SECTION FIFTEEN AMENDED ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 49, PAGE 14, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS. RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY FOR ALL OF THE AFOREMENTIONED REAL PROPERTY: Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property.

**B. All right, title and interest of DEFENDANT JAMES MASON BLACKMON in the following real property is subject to forfeiture to the United States of America:**

1. Real property located and situated at **514 Moorside Drive, Windcrest, Bexar County, Texas,** including any and all buildings, appurtenances and improvements

thereon and any and all surface rights, title and interests, if any, and more fully described as: LOT 11, BLOCK 45, WINDCREST, UNIT 13, IN THE CITY OF WINDCREST, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 5700, PAGE(S) 86, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS. RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY FOR ALL OF THE AFOREMENTIONED REAL PROPERTY: Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property.

2. Real property located and situated at **6320 Brook Falls, Windcrest, Bexar County, Texas,** including any and all buildings, appurtenances and improvements thereon and any and all surface rights, title and interests, if any, and more fully described as: ALL THAT CERTAIN TRACT OR PARCEL OF LAND, TOGETHER WITH ALL IMPROVEMENTS THEREOF, CONTAINING 2.925 ACRES, LYING AND BEING SITUATED IN BEXAR COUNTY, TEXAS, AND DESCRIBED AS BEING TRACT NO.5 OF THE W & M SUBDIVISION, CITY OF WINDCREST, BEXAR COUNTY, TEXAS, ACCORDING TO THE PLAT OF SAID SUBDIVISION RECORDED IN VOLUME 3377, PAGE 198 OF THE DEED AND PLAT RECORDS. RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY FOR ALL OF THE AFOREMENTIONED REAL PROPERTY: Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property.

**C. All right, title and interest of DEFENDANT ARTURO QUIROZ SALINAS in the following real property is subject to forfeiture to the United States of America:**

1. Real property located and situated at **369 N. El Faro Road, Sullivan City, Hidalgo County, Texas,** including any and all buildings, appurtenances and improvements thereon and any and all surface rights, title and interests, if any, and more fully described as: A 1.904 ACRE TRACT OF LAND OUT OF SHARE 10, OF THE PARTITION OF PORCION 41, HILDAGO COUNTY, TEXAS, AS PER MAP OR PLAT THEREOF RECORDED IN VOLUME 4, PAGE 14, MAP RECORDS, HIDALGO COUNTY, TEXAS. RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY FOR ALL OF THE AFOREMENTIONED REAL PROPERTY: Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property.

## V.
## Money Judgment

As a result of the foregoing criminal violations as set forth in Counts One and Two, DEFENDANTS HUGO VILLALON, JAMES MASON BLACKMON, EVAN PAUL KOCICH, ARTURO QUIROZ SALINAS, GLEN BOHLS, RYAN ELWESS, RODNEY CHRISTOPHER CORBIN, JOSEPH LEE MURILLO, and STEVEN GALLIEN shall forfeit to the United States all right, title and interest, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. §§ 853(a)(1) and (2), as well as and 18 U.S.C. § 982(a)(1), the following described Money Judgment of Forfeiture:

> A sum of money equal to One Million Dollars in United States currency ($1,000,000.00), representing the amount of money derived from or traceable to the proceeds obtained directly or indirectly from the commission of the offenses described above in Counts One and Two and for which DEFENDANTS HUGO VILLALON, JAMES MASON BLACKMON, EVAN PAUL KOCICH, ARTURO QUIROZ SALINAS, GLEN BOHLS, RYAN ELWESS, RODNEY CHRISTOPHER CORBIN, JOSEPH LEE MURILLO, and STEVEN GALLIEN are jointly and severally liable.

## VI.
### Substitute Assets
**[18 U.S.C. § 982(a)(2), 21 U.S.C. § 853(p), pursuant to 18 U.S.C. § 982(b)(1) and Fed. R. Crim. P. 32.2]**

If the money judgment described above as being subject to forfeiture for violations of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 1956(h) and subject to forfeiture pursuant to 21 U.S.C. §§ 853(a)(1) and (2) and 18 U.S.C. § 982(a)(1), as a result of any act or omission of DEFENDANTS HUGO VILLALON, JAMES MASON BLACKMON, EVAN PAUL KOCICH, ARTURO QUIROZ SALINAS, GLEN BOHLS, RYAN ELWESS, RODNEY CHRISTOPHER CORBIN, JOSEPH LEE MURILLO, and STEVEN GALLIEN:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third person;
    c.    has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, to include the properties listed in paragraph IV above, up to the value of said forfeitable property, and money judgment described above in paragraph V.

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

ROBERT PITMAN
United States Attorney

By: _____
DOUGLAS W. GARDNER
Assistant United States Attorney